**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

HARPREET SINGH,

    Plaintiff,

    v.                                                                                           Case No. 07-C-1156

UNITED STATES DEPARTMENT
OF AGRICULTURE,

    Defendant.

## DECISION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

### NATURE OF CASE

The plaintiff, Harpreet Singh, filed this action on December 27, 2007, requesting reinstatement in the Food Stamp Program. Previously, on October 17, 2003, the defendant, United States Department of Agriculture (USDA),[1] permanently disqualified the plaintiff from participation in the program. The plaintiff asserts that he received neither the September 30, 2003 letter, nor the October 16, 2003, letter sent by the defendant, expressing the decision to permanently disqualify his store, Stop & Shop, from participation in the program. Because he did not receive these notifications, the plaintiff requests reinstatement in the Food Stamp Program.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was

---

[1] The court notes that the plaintiff's complaint cites the Unites States Department of Agriculture (USDA) as the defendant. Pursuant to 7 U.S.C. § 2023(13), the proper defendant is the United States, not the USDA.

assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

The defendant has filed a motion to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Docket #8). The plaintiff did not file a timely response to the motion. Therefore, the court granted the plaintiff an additional period of time to July 10, 2008, to respond to the defendant's motion to dismiss. See Court's Order of June 16, 2008. Despite being granted additional time to respond to the defendant's motion, the plaintiff has not filed a response. The court will now address the defendant's motion.

## STANDARD OF REVIEW

### Motion to Dismiss for Lack of Subject Matter Jurisdiction

Dismissal is proper under Fed. R. Civ. P. 12(b)(1) if there is a "lack of jurisdiction over the subject matter." In addressing a motion to dismiss for lack of subject matter jurisdiction, the court must accept all well-pleaded factual allegations and inferences in favor of the plaintiff. Long v. Shorebank Development. Corp.,182 F.3d 548, 554 (7th Cir. 1999) (citing Rueth v. United States E.P.A., 13 F.3d 227, 229 [7th Cir. 1993]). Moreover, pro se pleadings must be given liberal construction. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir. 1990). "The district court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Long, 182 F.3d at 554 (quoting Capitol Leasing Co. v. F.D.I.C., 999 F.2d

- 2 -

188, 191 [7th Cir. 1993] [per curiam]). In responding to the moving party's Rule 12(b)(1) motion to dismiss, the nonmoving party has the burden of presenting evidentiary support to demonstrate the existence of subject matter jurisdiction. Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). The court must dismiss an action if jurisdiction is lacking. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 186-87 (1936).

## **BACKGROUND FACTS**[2]

As of August, 2002, the plaintiff operated a store, the Stop & Shop, located at 2905 West Fond du Lac Avenue, Milwaukee, WI. (Complaint at 3). During August 2003, the plaintiff received a letter from the USDA advising him that an investigation of his store revealed illegal conduct and activity pertaining to the Food Stamp Program. According to the plaintiff, this letter advised him that his store had sold unauthorized products under the Food Stamp Program and had traded food stamps for cash. (Complaint at 3).

On September 30, 2003, the defendant sent a letter by Federal Express to the plaintiff, stating that his store had sold ineligible items and had been trafficking in food stamps by exchanging food stamp benefits. (Brief in Support of Defendant's Motion to Dismiss [Defendant's Brief], Exhibit 1, Declaration of Michael H. Skaer [Skaer Decl.] ¶ 3 and Exh. 2). This letter further informed the plaintiff that under certain conditions, the Food and Nutrition Service (FNS) may impose a civil money penalty in lieu of permanent disqualification of a firm for trafficking. In addition to meeting certain criteria to qualify for the civil penalty, the letter advised the plaintiff that he was required to present a documented request within 10 days of

---

[2]The plaintiff's complaint which states that: "I declare under penalty of perjury that the foregoing is true and correct" is a verified complaint.

- 3 -

receiving this notice in order to be eligible for consideration. (Skaer Decl. ¶ 3, Exh.2). The plaintiff did not file a response within the allotted time period. (Skaer Decl. ¶ 4).

In his complaint, the plaintiff states that as of July, 2003, he was experiencing business difficulties with his silent partner and leasor and that on September 30, 2003, his partner kicked him out of the business and began running the store. According to the plaintiff, he "was not even allowed to enter the premises." (Complaint at 4).

On October 16, 2003, the defendant sent the plaintiff a letter notifying him that his store was "permanently disqualified from participating in the Food Stamp Program" effective upon receipt of the letter. (Skaer Decl. ¶ 3 and Exh. 5). This letter advised the plaintiff that he could submit a request an administrative review of the decision within 10 days of receipt of the letter. The plaintiff submitted no response to the defendant's October 16, 2003, letter, nor did he submit a request for review of the permanent disqualification of the Stop & Shop. (Skaer Decl. ¶¶ 4-5).

The plaintiff asserts that he received neither the September 30, 2003, letter, nor the October 16, 2003 letter. He states that someone at the Stop & Shop failed to notify him of the letters and falsified his signature. Electronic tracking records from Federal Express indicate that the signature, "H. Singh," was obtained upon documented delivery of each letter. (Skaer Decl. ¶ 3 and Exhs. 4, 7).

In late March or early April 2007, the plaintiff called and spoke to Michael Skaer, officer-in-charge of the Madison, Wisconsin Field Office of the USDA's Food and Nutrition Service (FNS) and advised him that he had documentation to show that he was not the owner or operator of the Stop & Shop at the time the store was permanently disqualified from the Food Stamp Program. (Skaer Decl. ¶ 7). The plaintiff faxed these documents to the FNS Madison

- 4 -

Field Office on March 29, 2007. Mr. Skaer reviewed the documents, "noting the date of October 3, 2003, as the date Singh turned over his ownership interest in Stop & Shop." (Skaer Decl. ¶ 8). Mr. Skaer spoke to the plaintiff and explained that the plaintiff "was the owner of record at the time the food trafficking violations occurred and, as a result, was still responsible for the violations." (Skaer Decl. ¶ 8). The plaintiff remains permanently disqualified from participating in the Food Stamp Program.

## ANALYSIS

The plaintiff requests review of the defendant's final determination of the permanent disqualification of his store, Stop & Shop, from participation in the Food Stamp Program. Retail stores participate in the Food Stamp Program pursuant to the provisions of 7 U.S.C. § 2018. The defendant asserts that the court lacks subject matter jurisdiction in this case and, therefore, the action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Specifically, the defendant asserts that the plaintiff did not make a timely request for review of the agency's decision permanently disqualifying Shop & Shop from the Food Stamp Program as required by 7 C.F.R. § 2023(a)(3). In addition, the defendant states that the plaintiff did not file a timely request for judicial review of the FNS' decision.

It is well established that a claim against the United States is barred absent a waiver of sovereign immunity by Congress "'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 [1941]). A waiver of sovereign immunity cannot be implied; rather, it must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996), United States v. Mitchell, 445 U.S. 535, 538 (1980). "[W]hen Congress attaches conditions to legislation waiving the sovereign

- 5 -

immunity of the United States, those conditions must be strictly observed and exceptions thereto are not to be lightly implied." Block v. North Dakota, 461 U.S. 273, 287 (1983).

The United States has expressly consented to suits by retail food stores challenging the decision by the Food and Nutrition Service of the United States Department of Agriculture to disqualify such stores from participation in the Food Stamp Program. 7 U.S.C. § 2023. Thus, a plaintiff may seek review of the FNS' decision only under the statutory grant waiving the sovereign immunity of the United states.

In 7 U.S.C. § 2023, Congress expressly stated the jurisdictional requirements for a federal court to review the administrative decisions relating to the Food Stamp Program. Section 2023(a)(3) provides that if a store receives notice that it has been disqualified from participation in the Food Stamp Program, the store may "within ten days of the date of delivery of such notice" file a written request for review of that decision. See also, 7 C.F.R. §297.2(c) ("A request for review shall be filed within 10 days of the date of the delivery of the notice of the action for which review is required.")

Section 2023(a)(4) provides: "If such a request is not made or if such store . . . fails to submit information in support of its position after filing a request, the administrative determination shall be final." See also, 7 C.F.R. § 278.6. In contrast, §2023(a)(5) provides that if a request for review is properly made, it shall be reviewed by the designated persons and such review is "subject to the right of judicial review herein provided." The omission of the language "subject to judicial review" in §2023(a)(4) and the immediate effect of the agency determination in that section provides an indication that Congress did not intend to provide an avenue for judicial review for those individuals or entities who failed to properly pursue their administrative remedies.

In this case, the plaintiff did not seek administrative review of the FNS' decision permanently disqualifying his store from participation in the Food Stamp Program within the 10 days required by statute. In fact, there is no indication that he had any contact with the agency until late March or early April 2007 when he spoke to Mr. Skaer in FNS' Madison Field Office. Therefore, the permanent disqualification became "final and not subject to further administrative or judicial review." Segrest v. Unites States Dept. of Agriculture, Food and Nutrition Service, No. 03-068, 2006 WL 1716677 *3 (M.D. Ala. June 20, 2006) (quoting 7 C.F.R. 278.6); see also, 7 U.S.C. § 2023(a)(4).

Moreover, even if the plaintiff did have a right to seek judicial review of the defendant's October 15, 2003, disqualification determination, § 2023(a)(13) provides that:

> If the store . . . feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business . . . within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

See also, 7 C.F.R. § 297.7(a).

This 30-day time period for judicial review "is not a statute of limitation that may be equitably tolled, but is the very basis of Congress' grant of jurisdiction to parties suing the United States in this court." Reason v. Heslin, 723 F.Supp. 1309, 1311 (S.D. Ind. 1989); Chesterfield Market, Inc. v. United States, 469 F.Supp.2d 485, 488 (E.D. Mich. 2007). ("Because Congress has explicitly provided for judicial review of a final FNS determination only if the challenger files a complaint within thirty days of the agency's decision disqualifying a Food Stamp Program participant, courts do not have jurisdiction to entertain challenges brought later"); Paradise Foods, Inc. v. United States, No. 05-73378, 2006 WL 903615 (E.D. Mich., April 7, 2006).

- 7 -

Here, the plaintiff did not file his complaint until December 27, 2007, over four years after the thirty-day time period specified in the statute had elapsed. Since the plaintiff failed to comply with the statutory requirements for filing a complaint, this court does not have jurisdiction to review the agency determination in this case. See Chestefield Market, 469 F.Supp.2d at 488; Estremera v. United States, 442 F.3d 580, 585 (7th Cir. 2006).

The plaintiff also contends that he failed to receive notice of the defendant's final decision to permanently disqualify him from participation in the Food Stamp Program. However, the statute which regulates the Food Stamp Program clearly defines the acceptable means of delivery of notice as "any form of delivery that the Secretary determines will provide evidence of the delivery." 7 U.S.C. § 2023(a)(2). The final notice of determination was delivered to Stop & Shop by certified mail. The tracking sheets also reflect that "H. Singh" accepted the deliveries. The method of delivery of the notice was reasonable and comports with the requirements of 7 U.S.C. § 2023(a)(2). Furthermore, the plaintiff acknowledged receiving the August, 2003, letter which effectively placed him on notice of violations of the Food Stamp Program's regulations. See Complaint at 3.

To the extent that the plaintiff is contending that he is an "innocent owner" and therefore his store is protected from disqualification, such contention is without merit. Violations of Food Stamp Program rules and regulations are punishable even if the store owner had no direct knowledge of misconduct by its employees or agents. Bakal Bros., Inc. v. United States, 105 F.3d 1085, 1088-89 (6th Cir. 1997); Ziyad Mini Market v. United States, 302 F.Supp.2d 124, 128 (W.D. N.Y. 2003); R & T Mini Market, Inc. v. United States Dept. of Agriculture, Food and Nutrition Service, No. 07-15171, 2008 WL 108592 *3 (E.D. Mich. Jan. 2, 2008); Estremera, 442 F.3d at 586.

Finally, the court cannot grant the plaintiff's request to reinstate him so that he can participate in the Food Stamp Program. The applicable regulations provide that a store that has been disqualified and wants to be reinstated at the end of the period of disqualification or at any later time must file a new application under 7 C.F.R. 278.1 so that the FNS can determine whether reauthorization is appropriate. Such application must be filed no later than 10 days before the end of the period of disqualification. 7 C.F.R. Part 278.6(a). The plaintiff has not filed a new application pursuant to 7 C.F.R. § 278.1 seeking reinstatement to participate in the Food Stamp Program. (Skaer Decl. ¶ 10). Thus, the plaintiff's disqualification is permanent and he is not entitled to seek reauthorization under § 278.6(a).

In sum, the plaintiff has failed to file a timely written request for administrative review as required, nor has he sought timely judicial review of the USDA's decision. Accordingly, for the reasons stated herein, the court lacks subject matter jurisdiction in this case. The defendant's motion to dismiss will be granted.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss be and hereby is **granted**. (Docket # 8).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of July, 2008.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\CIV\Singh ord.wpd - 9 -

Case 2:07-cv-01156-PJG   Filed 07/30/08   Page 9 of 9   Document 12